IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BORIS RUHADZE, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 24-3029-BAH |
| AUDI OF AMERICA, LLC, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Boris Ruhadze ("Plaintiff"), who is proceeding *pro se*, brought suit against Audi of America, LLC, and Rockville Audi[1] (collectively "Defendants") in the Circuit Court for Montgomery County, Maryland, alleging a number of products liability and related claims. *See* ECF 2 (amended state court complaint). Defendants removed the case to this Court on October 18, 2024, *see* ECF 1 (notice of removal), and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e), *see* ECF 8 (hereinafter the "motion to dismiss"). The Court sent Plaintiff a Rule 12/56 notice notifying him of the pending motion, warning him that "[i]f this motion is granted, it could result in the dismissal of [his] case," and affording him twenty-eight days to respond. *See* ECF 10. Plaintiff did not respond to the motion to dismiss. The motion includes a memorandum of law.[2] *See* ECF 8-1. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6

---

[1] While Plaintiff named "Rockville Audi" in the amended complaint, *see* ECF 2, at 1, Defendants' motion to dismiss refers to this party as "SAI Rockville Imports, LLC d/b/a Audi Rockville," *see* ECF 8, at 1.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

(D. Md. 2023). Accordingly, for the reasons stated below, Defendants' motion to dismiss is **GRANTED** as to the lone federal claim (count VI). The Court declines to exercise supplemental jurisdiction over the remaining state law claims, so the motion to dismiss is **DENIED AS MOOT** as to those claims. The case will be remanded to the Circuit Court for Montgomery County.

## I.    BACKGROUND

Plaintiff brings suit against Defendants for alleged defects in the 2023 Audi RS e-tron GT he purchased new from Rockville Audi on October 6, 2023. *See* ECF 2, at 2 ¶ 7. Plaintiff alleges that "[s]hortly after the purchase, Plaintiff began experiencing unanticipated severe health issues, including persistent headaches and neurological symptoms, which medical professionals attributed to high EMF [electromagnetic field] emissions from his vehicle." *Id.* ¶ 8. "Plaintiff commissioned an independent examination of the vehicle, which confirmed that the EMF levels significantly exceed normal safety standards, thus confirming the vehicle's defect and the direct causation of Plaintiff's health issues." *Id.* ¶ 10. Plaintiff brings six claims: (1) "breach of express and implied warranties" (count I), *id.* at 2–3 ¶¶ 13–14; (2) "strict liability for defective product" (count II), *id.* at 3–4 ¶ 15; (3) negligence (count III), *id.* at 4–5 ¶ 16; (4) fraud by concealment (count IV), *id.* at 5 ¶ 17; (5) violation of the Maryland Consumer Protection Act (count V), *id.* at 5–6 ¶ 18; and (6) "violation of the Administrative Procedure Act and negligence in addressing known EMF risks," *id.* at 6–7 ¶¶ 19–22. Plaintiff seeks compensatory damages, statutory treble damages, punitive damages, attorney's fees and costs, and "[a]n order for the replacement of the vehicle with a comparable model that is free from defects or a full refund of the purchase price, at Plaintiff's discretion." *Id.* at 7.

Defendants removed the action to this Court based only on federal question jurisdiction citing Plaintiff's Administrative Procedure Act ("APA") claim. *See* ECF 1, at 1 ("Defendant removes this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 and Local Rule 103.5 because

2

Plaintiff's Amended Complaint implicates the Administrative Procedures Act, thereby giving this Court subject matter jurisdiction."); *see also* ECF 1-1, at 1 (civil cover sheet designating only "federal question" as the basis of this Court's jurisdiction).

In the motion to dismiss, Defendants argue that count I—Plaintiff's warranties claim—fails because the allegations are too conclusory, Plaintiff has not established the existence of an express warranty, and Plaintiff has not pled the requisite notice. ECF 8-1, at 16–23. Defendants argue that counts II and III fail under 12(b)(6) as Plaintiff has not sufficiently pled the elements for a design defect claim or proximate causation. *Id.* at 11–16. Defendants argue that Plaintiff has not pled counts IV and V with the necessary particularity to state a claim under Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud-related claims. *Id.* at 23–27. Defendants also contend that Plaintiff has not met pleading requirements entitling him to punitive damages. *Id.* at 28–30. Finally, Defendants contend that the APA claim (count VI) must fail as the APA does not apply to private parties like Defendants. *Id.* at 27–28. Alternatively, Defendants argue that they are entitled to a more definite statement under Rule 12(e) as they contend Plaintiff's claims are vague and conclusory. *See id.* at 30–31. As noted, Plaintiff did not respond to the motion, and the time to do so has expired.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## III. ANALYSIS

The Court will begin by analyzing the viability of Plaintiff's APA claim as that is this Court's jurisdictional hook.

### A. Plaintiff's APA Claim

Plaintiff asserts that Defendants' allegedly "negligent failure to address [the risks posed by EMF emissions] constitutes a breach of Defendants' duty of care, similar to the FCC's arbitrary and capricious decision not to update their safety guidelines, which was deemed unlawful under the APA." *See* ECF 2, at 6 ¶ 20 (citing *Environmental Health Trust v. FCC*, 9 F.4th 893, 903 (D.C. Cir. 2021)). "By failing to adequately test for and mitigate the EMF emissions in their vehicle, Defendants have exposed Plaintiff to significant health risks, in direct violation of both federal safety guidelines and the reasonable expectation of safety that consumers rely on." *Id.* at 7 ¶ 21.

The APA permits judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Subject to certain exceptions, "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency[.]" *Id.* § 701(b)(1); *id.* § 551(1). The APA does not provide a private right of

4

action against private parties who are not federal agencies. *See Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152, 160 (4th Cir. 2018) (finding plaintiffs' "failure to meet the threshold of establishing [the defendant] as a federal entity is fatal to their claim[] under . . . the [APA]"); *see also Potomac Constr. Co., Inc. v. Washington Metro. Area Transit Auth.*, Civ. No. GLS-21-193, 2021 WL 1516058, at *11 (D. Md. Apr. 16, 2021) ("Therefore, because WMATA does not satisfy both prongs of *Lebron*[ *v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995)], it is not a federal entity. It follows, *a fortiori*, that WMATA is not an 'authority of the Government of the United States' within the meaning of § 701(b)(1) of the APA."); *Fernandez v. Brich*, No. 2:23-CV-69, 2024 WL 3152255, at *6 (E.D. Va. June 24, 2024) ("Defendants are not federal entities under *Lebron*, and *Kerpen* forecloses Plaintiffs' proposed APA claim."); *Midland Farms, LLC v. U.S. Dep't of Agric.*, 35 F. Supp. 3d 1056, 1062 (D.S.D. 2014) ("The APA is not an independent source of jurisdiction, nor does it provide a private right of action against a private party." (citations omitted)). While "[t]he law on the simple question of what is an agency is quite complex[,]" *McKinney v. Caldera*, 141 F. Supp. 2d 25, 31 (D.D.C. 2001) (quoting *Lee Constr. Co., Inc. v. Federal Reserve Bank*, 558 F. Supp. 165, 172 (D. Md. 1982)), it is clear in this case that, as Defendants advance (and Plaintiff does not contest), "Plaintiff has not and cannot allege that either Defendant is a government agency as contemplated by the APA." ECF 8-1, at 28. As such, the Court need not wade into the complex law governing the definition of an "agency" under the APA. Because Plaintiff cannot maintain his APA claim against Defendants, who are private parties and not federal government agencies, his APA claim must be dismissed.

Nor would this claim survive if the Court were to construe it as one brought under relevant "federal safety guidelines." ECF 2, at 7 ¶ 21; *see Erickson v. Pardus, Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the Court must liberally construe a *pro se* plaintiff's pleadings,

holding them to a less stringent standard than those drafted by attorneys). First, Plaintiff has not identified any specific federal safety guideline that Defendants allegedly violated. *See generally* ECF 2. More significantly, to the extent Plaintiff seeks to hold Defendants liable for regulatory violations, regulations themselves do not create private rights of action. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). Thus, count VI must be dismissed.

### B.     Remaining State Law Claims

The five remaining claims all arise under state law. *See* ECF 2, at 2–6 ¶¶ 13–18. Defendants have not asserted that this Court maintains diversity jurisdiction over this action, and the Court is otherwise unable to discern from the notice of removal whether there is complete diversity, as Defendants have not alleged the citizenship of any party.[3] *See generally* ECF 1.

District courts "may decline to exercise supplemental jurisdiction" under certain circumstances, including when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citations omitted). Considering these factors here,

---

[3] While the amended complaint alleges that Plaintiff is a resident of Maryland, it does not contain any allegations regarding either Defendants' citizenship. *See* ECF 2, at 1–2 ¶¶ 2–4.

remand is warranted. This case is in its infancy, and this Court has not engaged in the merits of Plaintiff's claims such that the discretionary factors would weigh in favor of retaining supplemental jurisdiction. As such, the case will be remanded.

## IV.   **CONCLUSION AND ORDER**

For the foregoing reasons, it is, this 21st day of May, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1) Defendant's motion to dismiss, ECF 8, is GRANTED as to count VI, the lone federal claim, and DENIES AS MOOT as to the remaining state law claims (counts I–V);

2) The Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims;

3) The balance of the complaint (counts I–V) is REMANDED to the Circuit Court of Maryland for Montgomery County; and

4) The Clerk is directed to CLOSE this case.


Dated: May 21, 2025                                                    /s/
                                                                Brendan A. Hurson
                                                                United States District Judge